# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand twenty-two.

PRESENT:
   AMALYA L. KEARSE,
   MICHAEL H. PARK,
   STEVEN J. MENASHI,
    *Circuit Judges.*

---

JACOB SCHWARTZ,

   *Plaintiff-Appellant*,

  v.                            21-2445-cv

CITY OF NEW YORK,

   *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:    A<small>RTHUR</small> Z. S<small>CHWARTZ</small>, Advocates for Justice, Chartered Attorneys, New York, NY.

FOR DEFENDANT-APPELLEE:    L<small>ORENZO</small> D<small>I</small> S<small>ILVIO</small> (Richard Dearing, Scott Shorr, *on the brief*) *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cronan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and this case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Jacob Schwartz worked for Defendant-Appellee City of New York in the Department of Design and Construction ("DDC") from 2015 to 2017. Schwartz brought suit against his former employer alleging that, upon his termination, the City failed to pay him for his accumulated compensatory time and annual leave. Schwartz brought claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); the New York City Administrative Code, N.Y.C., N.Y. Admin Code § 12-108; and common law for breach of oral contract and quantum meruit. The district court (Torres, *J.*) dismissed Schwartz's state-law claims under Federal Rule of Civil Procedure 12(b)(6). The district court (Cronan, *J.*) later granted summary judgment in favor of the City on Schwartz's FLSA claim, concluding that Schwartz was exempt from FLSA protection under the statute's administrative-employee exemption. Schwartz appeals both decisions. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

### I. Summary Judgment

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the party opposing summary judgment and drawing all reasonable inferences in her favor." *Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"Congress enacted the Fair Labor Standards Act . . . in order to correct 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 227 (2d Cir. 2018) (quoting 29 U.S.C. § 202(a)). The FLSA contains a number of exemptions to these protections, which are "as much a part of the FLSA's purpose as the overtime-pay requirement" and must be given "a fair reading." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018).

As relevant here, the FLSA provides an exemption for employees who work in "bona fide executive, administrative, or professional capacit[ies]." 29 U.S.C. § 213(a)(1). This exemption includes "any employee" (1) who is "[c]ompensated on a salary or fee basis" at a certain rate; (2) whose "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) whose "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a).

Federal regulations direct courts to consider the "phrase 'discretion and independent judgment' . . . in the light of all the facts involved in the particular employment situation in which the question arises." *Id.* § 541.202(b). Factors relevant to this analysis include "whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices"; "whether the employee has authority to waive or deviate from established policies and procedures without prior approval"; "whether the employee provides consultation or expert advice to management"; "whether the employee is involved in planning long- or short-term business objectives"; and "whether the employee investigates and resolves matters of significance on behalf of management[.]" *Id.*

Schwartz appeals the district court's conclusion that he is an exempt worker under this provision. Schwartz does not challenge the first two prongs of the administrative exemption. Instead, he argues there are disputed material issues of fact as to whether he satisfied the third prong of the exemption. Schwartz's arguments are unavailing.

As the district court explained, the undisputed evidence in the record—particularly Schwartz's own deposition testimony—demonstrates that Schwartz's work at DDC satisfied several factors relevant to the prong-three analysis. For example, Schwartz testified that, on his own initiative, he built a "more sophisticated data tracking system" from "the ground up" to replace DDC's existing tracking system. App'x 122. This testimony demonstrates one way that he had "authority to formulate, affect, interpret, or implement management policies or operating practices." 29 C.F.R. § 541.202(b). Schwartz also played a role "in planning long- or short-term business objectives" at DDC, *id.*, as exemplified by the prominent role he played in the work-order vetting process, App'x 121-122, his oversight of individual projects including "raising the red flags" when a project was not progressing, App'x 523, and his responsibilities related to adjusting budget projections, App'x 126. Further, as the district court explained, the undisputed evidence also makes clear that Schwartz provided advice "[a]lmost daily" to the Assistant Commissioner, met with several city officials, and attended meetings at City Hall, S. App'x 37, thereby providing "consultation or expert advice to management," 29 C.F.R. § 541.202(b).

On appeal, Schwartz attempts to identify various "disputed" facts that would foreclose summary judgment. But none of these ostensible disputes undermines or alters the district court's analysis. For example, Schwartz argues he "did not 'manage' the vetting, he performed the vetting." Appellant's Br. at 34. But this distinction is irrelevant. Schwartz's deposition testimony made clear that he was responsible for working with dozens of contractors and resolving the

"constant" problems he identified during the vetting process. App'x 121-122. Schwartz also testified that he was initially working "hand-in-hand" with Fabian Perez and then later with Victoria Kravits who "tended to be sort of like an assistant" to him. App'x 124-25. Whether or not Schwartz was "managing" the vetting process, he had "significant latitude for judgment on matters vital to both short- and long-term business objectives." S. App'x 35.

Schwartz also gathers the testimony of various supervisors in an effort to prove that his job involved only "collecting information," "synthesiz[ing] the information into reports that could be understood," "rais[ing] concerns," "reconcil[ing] information that ensured that it was accurate," "creating reports" and "attend[ing] meetings in order to present reports or discuss the data collection process." Appellant's Br. at 34-36. Schwartz does not explain, however, why his role in collecting and analyzing significant volumes of data used to inform DDC's decision-making somehow undermines the district court's finding that he exercised discretion and independent judgment with respect to matters of importance. *Cf.* 29 C.F.R. § 541.203(b) ("Employees in the financial services industry generally meet the duties requirements for the administrative exemption if their duties include work such as collecting and analyzing information . . . .").

Schwartz thus meets the requirements for the FLSA's administrative exemption, and the district court correctly granted summary judgment in favor of the City.

**II.     Motion to Dismiss**

We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Bldg. Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

5

First, the district court failed to consider fully whether Schwartz could base a claim under Section 12-108 of the New York City Administrative Code on the City of New York's Career and Salary Plan and the Department of Design and Construction's Employee Manual ("DDC Manual"). In relevant part, Section 12-108 provides that:

> [T]he mayor may authorize the head of any agency to require any officer or employee in such agency or any class or group of officers or employees in such agency to work in excess of the maximum number of hours of employment prescribed for such officer or employee or class or group of officers or employees by any statute, general, special or local, provided that each such officer or employee shall be paid overtime compensation for such work at not less than his or her regular basic pay rate.

N.Y.C., N.Y., Administrative Code § 12-108. The district court dismissed Schwartz's claim because his complaint does not identify any statute establishing 35 hours as the weekly maximum number of hours of employment. But the court did not address whether Schwartz could state a claim under the New York City Administrative Code based on the DDC Manual if, as Schwartz alleges, it was "authorized by Section 12-108." Appellant's Br. at 21.

Second, the district court incorrectly concluded that Schwartz's claims for breach of an oral contract and quantum meruit failed because the claims should have been brought in an Article 78 proceeding and the four-month statute of limitations for any such proceeding had long-since passed. *See* N.Y. C.P.L.R. §§ 7801; 217(1). "New York courts have held that article 78 is inapplicable to contract actions against the state government that seek damages as the principal remedy." *Finley v. Giacobbe*, 79 F.3d 1285, 1291 (2d Cir. 1996). The district court erred by relying on *Finley* for the proposition that an employee seeking damages based on wrongful termination was required to bring her claim in an Article 78 proceeding. In *Finley*, "all [the plaintiff's] claims on appeal (including her back pay claim) depend[ed] on a right to reinstatement, an issue that . . . must be first addressed in an article 78 proceeding." *Id.* at 1293. So it was clear

6

that "a successful article 78 proceeding for reinstatement [was] a prerequisite to a claim for damages by a discharged public employee." *Id.* 1292. There is no such prerequisite here, where Schwartz's claim for damages is not based on wrongful discharge and does not depend on any right to reinstatement. This is also not a case in which requiring an Article 78 proceeding would "conserve[] public money" by ensuring that claims are brought promptly "so that the accrual of damages can be arrested[.]" *Id.* at 1292-93. Schwartz seeks damages based on a finite number of hours he accrued during his employment period.

The City offers an alternative ground for affirming the district court's dismissal of Schwartz's common-law claims: "Schwartz has no standing to assert such common-law claims when a citywide [collective bargaining agreement ("CBA")] exclusively governed his pay and leave rights" and his claims were not filed under the "exclusive procedures established by that agreement." Appellee's Br. at 45. But *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192 (2d Cir. 2013), squarely forecloses this argument. There, this Court held that a CBA could not be the basis for a dismissal where "[n]o CBAs were pled or attached to the complaints" because "[w]e do not consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim." *Id.* at 202. Even if Schwartz's claims are foreclosed by his CBA, "a motion addressed to the adequacy of the pleadings is not necessarily the proper place for [the issue] to be decided." *Id.* at 203.

We thus vacate the district court's dismissal of Schwartz's state-law claims. Because we affirm the grant of summary judgment on the FLSA claim, which is the only basis for federal jurisdiction, we remand to the district court to determine whether to exercise supplemental jurisdiction over Schwartz's state-law claims, or to dismiss those claims without prejudice. *See, e.g.*, *Valencia v. Lee*, 316 F.3d 299, 308 (2d Cir. 2003) (the "interplay between the responsibilities

imposed by municipal law and those imposed by state law" may pose "complex questions . . . best left to the courts of the state when the early disposition of all federal claims makes the federal court's resolution of such state-law claims unnecessary").

We have considered the remainder of Schwartz's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and this case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court